## PAGE v. NAGLEE.

A trustee cannot purchase nor deal with the subject of the trust, nor purchase debts to be paid out of the trust fund, nor place himself in a position antagonistic to the trust.

The purchase, by a trustee, of a debt, to be paid out of the trust fund, and causing an action to be brought and judgment obtained thereon in the name of another, if not a fraud in fact, was a violation of his duties as a trustee, and it makes no difference in this respect whether his trust is created by deed or mortgage, or whether the same was void or not.

Having accepted the trust and received the rents of the property, the trustee cannot dispute its validity, particularly for his own benefit.

A judgment so obtained by a trustee, is void in law and a nullity, and may be enjoined at the instance of the party executing the deed of trust to secure the payment of his debts out of the fund.

APPEAL from the Superior Court of the City of San Francisco.

The plaintiffs, D. W. Page, Henry D. Bacon and Henry Haight, executed a deed of trust of certain real estate in the City of San Francisco, on the 1st of May, 1855, to John Parrott, and the defendant, Henry M. Naglee, who accepted the same for the purpose of securing certain parties, including Parrott and Naglee, who had guarantied the payment of time certificates issued by Page, Bacon & Co., for a portion of their indebtedness, under an arrangement which enabled that house to resume business.

The plaintiffs filed their bill in this action against H. M. Naglee, S. C. Hastings and David Scannell, to enjoin a sale on execution under a certain judgment for $3,178, obtained against the plaintiffs, and the other members of the firm of Page, Bacon & Co., August 22, 1855, in an action brought by S. C. Hastings, July 18th, 1855. The bill alleges that Naglee, since accepting the trust above mentioned and assignments in trust of personal property and securities of Page, Bacon & Co., executed for the same purpose, had bought up certain certificates of deposit and time certificates of Page, Bacon & Co., and had obtained the consent of Hastings to bring suit in the name of the latter, who had no interest therein; that execution had issued upon the judgment thus obtained, and that the sheriff, D. Scannell, had levied on certain real estate included in the deed of trust above mentioned.

The answer of Naglee denies that he purchased the certificates, on which suit was brought by Hastings, after the execution of the trusts, but avers that he, Naglee, had before that time over $8,000 of the certificates of Page, Bacon & Co., for moneys deposited by him with them; that after the execution of the deed of trust he sold over $4,000 of the certificates not yet due, and purchased a certificate of $1,000, which, as well as the certificates retained by him, was then due, and that the said suit was brought thereupon. It also insists that the so-called deed of trust is in fact a mortgage to secure Parrott and Naglee and others from loss by reason of the guaranty above mentioned, and that Naglee was not a trustee, and had a right to bring the action; it also admits that the suit was brought by Naglee in the name of Hastings with the full knowledge of the plaintiffs.

Annexed to the answer is a copy of the instrument alleged by plaintiffs to be a deed of trust, and by defendants to be a mortgage.

It conveys the property of plaintiffs, including the lots levied on under the execution of Hastings, to Parrott and Naglee, "upon condition, however, and these presents are made upon this express condition that, whereas," etc., reciting that Parrott, Naglee, and other parties named therein had guarantied the payment of certain time certificates of Page, Bacon & Co., amounting to $400,000. "Now if the said parties of the first part shall save, indemnify and forever keep harmless the said John Parrott, Henry M. Naglee and the rest of said guarantors from all costs, damages, and expenses, on account or by reason of said guaranty, then the foregoing conveyance shall be null and void, otherwise to remain in full force and virtue; and if said John Parrott, Henry M. Naglee, or any of the others of said guarantors, shall pay any such costs or expenses as aforesaid, or suffer any damages as aforesaid, then the said parties of the second part shall proceed to foreclose this mortgage, and sell said premises or so much thereof as may be necessary, in the manner provided by law, and reimburse said guarantors all such costs, damages and expenses; and said parties of the second part are hereby constituted trustees for the rest of said guarantors to hold said premises under this mortgage, and foreclose said mortgage, and sell said premises, and apply the proceeds thereof for the benefit and indemnity of said guarantors as aforesaid."

There are other questions raised by the record not material to the decision of the Court. The case was argued on the pleadings alone in the Court below, and an injunction granted. Defendant, Naglee, appealed.

*Wm. Duer* for Appellant.

1. The instrument executed by Page, Bacon & Co., to Messrs. Naglee and Parrott is plainly a mortgage, and there is no principle of law which forbids a mortgagee to sell the mortgaged premises on a judgment obtained for an independent debt. The only doubt that has ever been expressed is as to whether he should be allowed to sell them on a judgment at law obtained for the mortgage debt. Tice *v.* Annin, 2 Johns. Ch. R., 125; 4 Kent Com., 7th ed., 195, marginal paging, 184, and notes.

2. If the deed, instead of a mortgage, had been a conveyance in trust, there is nothing to prevent a trustee from collecting a debt due him by the *cestui que trust*, and which is unconnected with the trust, by judgment and execution against the trust property, the sale of course being subject to the trust. Otherwise he might forfeit his debt, since there might be no other property. This is neither buying trust property, nor speculating with it, and the act is in no respect inconsistent with the duties of the trustee. See Story's Equit. Jurispr., § 321, *et seq.*

3. Even if Naglee have no right to sell the mortgaged property, Page, Bacon & Co. cannot complain. The question is between different classes of creditors. As far as the debtor is concerned, the creditor may pursue all the remedies which his contract gives him. Story Eq. Jurisp., §§ 559, 640.

Upon the point that Page, Bacon & Co., who are the debtors, cannot object to the proceeding by Naglee, and to show that even in a case of purchase by a trustee only the *cestui que trust* can complain, I refer to the following authorities cited on the argument but not contained in the points: 2 Blackf., 377; 2 J. Ch. R., 252; Provost *v.* Grate, Peters' C. C. R., 364; S. C. C., Wheat., 481.

In the case of Wilson *v.* Troup, 2 Cowen R., 238, Sutherland, J., said: "No one but the *cestui que trust* has the right to call in question or set aside a purchase by the trustee; Devone *v.* Fanning, 2 J. Ch. R., 252. The mortgagor cannot say that the mortgagee was trustee for him with respect to the surplus which might be produced by the sale, and that he therefore is one of the *cestui que trusts* and has a right to question the purchase by the trustee."

*Wm. Hayes* for Respondents.

1. The instrument described in the complaint, a copy of which is annexed to the defendants' answer, is a deed of trust. The intention of the parties clearly show that it was intended as such.

But whether it is an absolute deed or only a mortgage, is immaterial, as Naglee holds under it as trustee.

There is no dispute but what Naglee collected, and now collects and holds, the rents as trustee.    This he admits in his answer.

2.  Naglee, then, being a trustee, or standing in a situation of trust and confidence, could not purchase or deal with the subject of the trust for his own benefit.

This rule is absolute and universal.    It is subject to no qualifications or exceptions.   Story Eq. Juris., §§ 321, 322 ; Conger v. Ring, 11 Barb., 356 ; Devone v. Channing, 2 Johns. Ch., 252 ; Van Horne v. Fonda, 5 Johns. Ch,, 409 ; Parkist v. Alesconda, 1 Johns. Ch., 397 ; Boyd v. Hawkins, 2 Devereux's Eq. Rep., 195.

3.  Naglee, while trustee, could not purchase for his own benefit debts due from the plaintiff, to be collected out of the trust estate.

He cannot be permitted to raise in himself an interest opposite to the party for whom he acts, nor place himself in a position inconsistent with the interest of the trust, or which has a tendency to interfere with his duty in discharging it.    Conger v. Ring, 11 Barb., 356 ; 4 Kent's Com., 475 ; Story Eq. Juris., § 322 ; Ex Parte James, 8 Vesey, 337 ; Van Horne v. Fonda, 5 Johns. Ch., 388.

The doctrine may be generally stated, that wherever confidence is reposed, and one party has it in his power, in a secret manner for his own advantage, to sacrifice those interests which he is bound to protect, he will not be permitted to hold any such advantage.    Story Eq. Juris., § 323.

4.  It was the duty of Naglee to preserve and take care of the trust property in the same manner as if it had been his own ; to prevent any waste, or delay, or injury to the trust estate.    Story Eq. Juris., §§ 1269, 1275.

It is admitted by the pleadings that the sale by Naglee would, first, cloud the title to the premises ; second, embarrass the plaintiff and the trustees (Parrott and Naglee) in affecting a sale thereof for the uses and purposes of the trust ; third, impair the value of the land ; fourth, prevent and hinder the plaintiff and trustees from disposing of the same ; and, fifth, cause irreparable injury and mischief.

It will be wholly unnecessary to cite authorities, showing that a Court of equity will enjoin a sale by a person in a situation of trust and confidence, when it is admitted that such sale would produce any one of the injuries enumerated.

5.  A trustee cannot, without the unequivocal assent of his *cestui que trust*, act for his own benefit in a contract on the subject of the trust.

If he extinguishes an incumbrance hanging over the property confided to his care out of his own funds, he can only claim to be reimbursed for his outlays in this respect.    Boyd v. Hawkins, 2 Jud. Eq., 304 ; Green v. Warter, 1 Johns. Ch., 36 ; 1 Salk., 155 ; 3 Dessaus, 25.

6.  Naglee, in attempting to sell the trust estate for his own benefit, violated the duties and obligations imposed upon him in accepting the trust.    He had acquired information as trustee that gave him an advantage over all other persons, and a Court of equity will restrain him from the commission of any act that tends to waste or injure the trust pro-

perty. Hawley *v.* Mancius, 7 Johns. Ch., (top page) 275. A sale by him would have diverted the rents and profits arising out of the premises from the purposes of the trust, the purchaser on the sale being entitled to them.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

It is a familiar principle in law, that one who is a trustee, or who stands in a situation of trust and confidence, cannot purchase or deal with the subject of the trust, neither can he purchase debts due, to be paid out of the trust estate, nor place himself in an attitude antagonistic to the trust. The purchase by the defendant of the one thousand dollars indebtedness of Page, Bacon & Co., and the judgment obtained in the name of S. C. Hastings, if not a fraud in fact, was in violation of his duties as a trustee of said firm, and it makes no difference in this respect, whether the instrument conveying the property to himself and Parrott was a deed of trust or mortgage, or whether the same was void or not.

I am satisfied that the instrument was a deed of trust, but if a mortgage, the defendant was a special trustee, who took the premises charged with the payment of whatever loss himself and others might sustain, by reason of having guarantied the certificates of Page, Bacon & Co. Having accepted this trust, and entered into possession of the property, and received the rents and profits, the law will not allow him to dispute its validity, particularly for his own benefit. The judgment itself is in violation of the law, and is a nullity; and Page, Bacon & Co. have a perfect right to protect the fund or property in the hands of their trustees, inasmuch as they are ultimately liable to their creditors, and are interested in seeing the property applied to the liquidation of their indebtedness.

Judgment affirmed.