[L. A. No. 14002. In Bank.—June 19, 1933.]

W. J. GALBRAITH, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

330

W. J. Galbraith, *in pro. per.,* for Petitioner.

Philbrick McCoy and A. B. Bianchi for Respondent.

WASTE, C. J.—Proceeding to review an order of the Board of Governors of The State Bar of California recommending that petitioner be suspended from the practice of the law in this state for a period of three months.

This recommendation is based on a finding, made by a local administrative committee and approved by the Board of Governors, that petitioner "is guilty of professional misconduct by reason of the facts alleged in the first, second and fourth counts of [the] notice to show cause and admitted in the verified answer of [petitioner] on file. . . . " Examination of the first count discloses that petitioner was retained by a person admittedly guilty of driving an automobile while intoxicated, a felony, to procure a reduction of the charge to that of reckless driving, a misdemeanor, to which the offender was to plead guilty, and be released with as small a fine as possible. This was done and petitioner was paid a fee for his services in procuring the offender's release. During the course of the employment the offender admitted his guilt to petitioner and admitted that he was intoxicated at the time of the accident. Thereafter, and without his client's knowledge or consent, petitioner instituted an action for damages against said client on behalf of a person injured by said client in the accident out of which arose the penal charge. It does not appear that petitioner disclosed to the injured person his prior professional relations with the offending driver. Upon objection being made to petitioner appearing as counsel for the plaintiff in the damage suit, and under direction of the trial court before whom the cause was pending, petitioner withdrew as counsel of record.

The second count involves the same type of misconduct. After being retained to obtain probation for an offender admittedly guilty of assault with intent to commit robbery, and after severing his connection with the offender, petitioner commenced an action for damages on behalf of the victim of the assault against his former client. This was done without the former client's knowledge or consent and apparently without disclosing to the injured person petitioner's prior professional relations with the offender.

Again petitioner withdrew from the case only after objection had been made and sustained by the court before whom the damage suit was pending.

In substance, the fourth count charges that petitioner advised and procured a client to execute to him a promissory note and chattel mortgage for the purpose of precluding the client's wife from obtaining or levying upon the mortgaged chattel. The transaction was purely fictitious, for at the time of its consummation the client was not indebted to petitioner. Despite this fact petitioner and his client, in an affidavit attached to the mortgage, averred that it was "made in good faith and without any design to hinder, delay or defraud any creditor or creditors".

█ Petitioner in his answer filed with the local administrative committee admitted the material portions of the foregoing charges, but sought to explain his conduct as being singularly free of any wilful intent to do wrong. As to the two charges first above mentioned he urges that he was retained by two admittedly guilty offenders for a specific purpose, viz., to procure their release as quickly and as easily as was consistent with orderly procedure. Having accomplished his objective in each instance he states that he felt no compunction in subsequently appearing as counsel against said admitted offenders in damage suits arising out of the identical circumstances leading to the penal charges. By his conduct petitioner, a practitioner of many years' standing, displayed a complete lack of appreciation of the ordinary and accepted canons of professional ethics. █ Rule 5 of the Rules of Professional Conduct (213 Cal. cxiv) reads as follows: "A member of The State Bar shall not accept employment adverse to a client or former client, relating to a matter in reference to which he has obtained confidential information by reason of or in the course of his employment by such client or former client." Canon 37 of the Canons of Professional Ethics of the American Bar Association (Amer. Bar Assn. Rep. 1931, vol. 56, p. 803) is to the same effect.

A reasonable construction of this rule suggests that the subsequent representation of another against a former client is forbidden not merely when the attorney *will* be called upon to use confidential information obtained in the course of the former employment, but in every case when, by reason

of such subsequent employment, he *may* be called upon to use such confidential information. In subdivision 5 of section 282 of the Code of Civil Procedure it is declared to be the duty of an attorney "to maintain inviolate the confidence, and at every peril to himself, to preserve the secrets of his client". (See, also, *Anderson* v. *Eaton,* 211 Cal. 113 [293 Pac. 788].) In *Watchumna Water Co.* v. *Bailey,* 216 Cal. 564 [15 Pac. (2d) 505], it is declared that "an attorney is forbidden to do either of two things after severing his relationship with a former client. He may not do anything which will injuriously affect his former client in any matter in which he formerly represented him nor may he at any time use against his former client knowledge or information acquired by virtue of the previous relationship." The circumstances giving rise to the first two charges of misconduct were such as might suggest or require that petitioner in the prosecution of the damage suits make use of information acquired by him while representing the respective defendants in the prior penal proceedings.

Petitioner's conduct in advising and procuring the execution of a fictitious chattel mortgage, as charged in count four, for the purpose of misleading or, as petitioner puts it, "bluffing" an adversary, would seem to fall within the inhibition found in subdivison 4 of section 282 of the Code of Civil Procedure, where it is declared to be the duty of an attorney "to employ, for the purpose of maintaining the causes confided to him, such means only as are consistent with truth. . . . "

We are satisfied that the material allegations in counts one, two and four of the order to show cause, as admitted by petitioner in his answer, are ample to sustain the findings of the Board of Governors and we are satisfied with its recommendation. It is therefore ordered that the petitioner herein, W. J. Galbraith, be and he is hereby suspended from the practice of law in this state for the period of three months beginning on the tenth day from and after the filing of this order.

Seawell, J., Thompson, J., Preston, J., Langdon, J., and Curtis, J., concurred.