203 Cal.App.3d 1436 (1988)
250 Cal. Rptr. 802
In re SOPHIA B., a Minor.
SAN DIEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner and Respondent,
v.
MARTHA G., Objector and Appellant.
Docket No. D006711.
Court of Appeals of California, Fourth District, Division One.
August 25, 1988.
*1437 COUNSEL
William K. Mueller, under appointment by the Court of Appeal, for Objector and Appellant.
*1438 Lloyd M. Harmon, Jr., County Counsel, and Arlene Prater, Deputy County Counsel, for Petitioner and Respondent.
Stephen J. Perrello, Jr., for Minor.
OPINION
WIENER, Acting P.J.
When Sophia Rachel B. was born on August 13, 1985, her mother Martha G. had been subject to an LPS conservatorship for the better part of seven years suffering from a mental disorder. The county's public guardian served as Martha's conservator. Approximately two months after Sophia's birth, she was made a dependent of the juvenile court pursuant to Welfare and Institutions Code section 300, subdivision (a) and placed with a friend of Martha's who hoped to adopt her. At that time, Martha was diagnosed as suffering from Bipolar Affective Disorder with "zero prognosis regarding any future hope of being able to care for and manage needs of an infant."
During the next year and a half, Martha alternated between staying in psychiatric hospitals and board-and-care facilities. Two attempts at independent living proved unsuccessful. In December 1986, the county's department of social services (DSS) petitioned to have Sophia declared free from her mother's custody and control pursuant to Civil Code section 232.
A guardian ad litem and an attorney were appointed to represent Martha in the section 232 proceeding. The county counsel represented the DSS. Before the hearing on the petition, the guardian moved to have county counsel disqualified on the ground that because the office represented both the DSS and the public guardian (Martha's conservator), a conflict of interest was present which precluded its further involvement in the case. The juvenile court denied the motion, finding that county counsel had never previously represented Martha and that there was no showing county counsel had ever received any confidential information about Martha in the course of its representation of the public guardian. Martha did not seek pretrial review of the order denying her motion. Thereafter, the court sustained the Civil Code section 232 petition and entered a judgment accordingly.

DISCUSSION
Martha has appealed from the judgment declaring Sophia free of her custody and control. She does not challenge the substance of that judgment *1439 except to the extent it incorporates the pretrial order denying her motion to disqualify county counsel from representing the DSS. (1) We are initially confronted with the question of what standard of review to apply to such an appeal. More specifically, where a party does not seek pretrial review of an order refusing to disqualify opposing counsel and raises the issue only on appeal from the final judgment in the action, is that party obligated to demonstrate that the denial of the motion in some way affected the outcome of the case? We conclude such a showing is required.
The theory of Martha's motion to disqualify was that county counsel, having the statutory responsibility to represent the public guardian who was Martha's conservator, created a conflict of interest when it undertook to represent the DSS in an action against Martha. Prior cases raising similar issues have generally been decided on petitions for writ of mandate (e.g., Civil Service Com. v. Superior Court (1984) 163 Cal. App.3d 70 [209 Cal. Rptr. 159]; Woods v. Superior Court (1983) 149 Cal. App.3d 931 [197 Cal. Rptr. 185]; Chambers v. Superior Court (1981) 121 Cal. App.3d 893 [175 Cal. Rptr. 575]) or on appeal following the granting or denying of an injunction to prevent an attorney from continuing to represent his or her client (e.g., Wutchumna Water Co. v. Bailey (1932) 216 Cal. 564 [15 P.2d 505]; Elliott v. McFarland Unified School Dist. (1985) 165 Cal. App.3d 562 [211 Cal. Rptr. 802]; Chronometrics, Inc. v. Sysgen, Inc. (1980) 110 Cal. App.3d 597 [168 Cal. Rptr. 196]). We are unaware of any case  and the parties have cited us to none  in which a trial court's ruling on a motion to disqualify counsel was considered on appeal following a final judgment.
The reason, we believe, is obvious. It is a fundamental principle of appellate jurisprudence in this state that a judgment will not be reversed unless it can be shown that a trial court error in the case affected the result. (Cal. Const., art. VI, § 13; Code Civ. Proc., § 475; 9 Witkin, Cal. Procedure (3d ed. 1985) §§ 324-326, pp. 334-336.) In contrast, standards of attorney disqualification are often based on the potential that continued involvement by the attorney will cause harm to a client or former client. (See, e.g., Comden v. Superior Court (1978) 20 Cal.3d 906, 912 [145 Cal. Rptr. 9, 576 P.2d 971, 5 A.L.R.4th 562]; Civil Service Com. v. Superior Court, supra, 163 Cal. App.3d at pp. 79-80.) Thus, where a trial court erroneously evaluates the potential for prejudice and denies a motion to disqualify, it may nonetheless turn out that the potential never materialized and all parties received a fair trial. We therefore infer a rule that on appeal from a final judgment, an issue of attorney disqualification may not be raised unless it is accompanied by a showing that the erroneous granting or denying of a motion to disqualify affected the outcome of the proceeding to the prejudice of the complaining party.
*1440 (2) In this case, Martha points to no basis from which we could conclude she was prejudiced by county counsel's representation of the DSS. In fact, Martha's trial counsel admitted he was unaware of any confidential information which county counsel had access to as a result of its representation of the public guardian. Indeed, there was no evidence that county counsel had ever represented the public guardian in a matter related to Martha's conservatorship. Accordingly, the judgment declaring Sophia free from Martha's custody and control must be affirmed.
Work, J., concurred.
WOODWORTH, J.,[*] Concurring
I concur in the majority's affirmance of the judgment.
With all respect, however, I would suggest that some comment is in order concerning the very serious ethical issues raised by the appellant. As pointed out in the majority opinion, the appellant has not shown in this case that the trial court's refusal to disqualify county counsel was in any way material to the outcome. But this is an issue that is bound to arise in other cases. If we say nothing about the conflict of interest question, I fear county counsel may be misled into thinking no problem exists.
The following conclusions seem to be fairly supported by the record. 1. At all material times county counsel represented the public conservator, an employee of the department of social services, in his capacity as conservator of the person of Martha G. 2. County counsel acted as attorney for the department of social services in the proceeding brought under Civil Code section 232. 3. At all material times the conservator was under a fiduciary obligation to act in the best interests of Martha G. (See Cal. Conservatorships (Cont.Ed.Bar 2d ed. 1983) § 6.2, p. 283.) 4. Since the conservator and the department of social services have potentially conflicting duties with respect to the termination of Martha G.'s parental rights, county counsel ought not to represent both entities.
It appears to me that the integrity of the judicial process is placed under a cloud when dual representation is allowed. It is the potential for abuse, not the actuality, that creates the conflict of interest. "[A]n attorney is precluded from assuming any relation which would prevent him from devoting his entire energies to his clients' interests.... The rule is designed not alone to prevent the dishonest practitioner from fraudulent conduct, but as well to preclude the honest practitioner from putting himself in a position where he may be required to choose between conflicting duties, or be led to an attempt *1441 to reconcile conflicting interests, rather than to enforce to their full extent the rights of the interest which he should alone represent." (Anderson v. Eaton (1930) 211 Cal. 113, 116 [293 P. 788].)
Disqualification of counsel was correctly ordered in the cases of Global Van Lines, Inc. v. Superior Court (1983) 144 Cal. App.3d 483 [192 Cal. Rptr. 609] and William H. Raley Co. v. Superior Court (1983) 149 Cal. App.3d 1042 [197 Cal. Rptr. 232]. I think it should have been ordered in the present case as well.
Nevertheless, for reasons correctly stated by the majority, it is necessary to affirm the judgment of the trial court.
On September 9, 1988, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied November 30, 1988.
NOTES
[*] Assigned by the Chairperson of the Judicial Council.