[No. D051707. Fourth Dist., Div. One. July 30, 2008.]

JEFFREY GONG, Plaintiff and Appellant, v.
RFG OIL, INC., et al., Defendants and Respondents.

---

COUNSEL

Ravin Glovinsky, William W. Ravin and Jason L. Glovinsky for Plaintiff and Appellant.

Lawton Law Firm, Dan Lawton, Joseph C. Kracht and Matt Valenti for Defendants and Respondents RFG Oil, Inc., and David Gong.

---

OPINION

McINTYRE, J.—Jeffrey Gong appeals an order denying his motion to disqualify Dan Lawton and the Lawton Law Firm (together, Lawton) as counsel for defendants David Gong and RFG Oil, Inc. (RFG). Jeffrey asserts that an actual conflict of interest exists between David and RFG and that Lawton must be disqualified from representing RFG, but can remain as counsel for David. We agree and reverse and remand with directions.

## FACTUAL AND PROCEDURAL BACKGROUND

RFG, a California corporation and franchisee of the Valvoline Instant Oil Change Stores, is owned by Jeffrey (holding 49 percent of the corporate stock) and David (holding 51 percent of the corporate stock). Jeffrey and David also function as the board of directors for RFG, with David acting as the majority of the board. The brothers executed a buy-sell agreement that provided, in part, that if one party left the business, the other party could purchase his shares at "book value." In 2001, David suffered a major spinal cord injury that required a three-month hospital stay and a lengthy rehabilitation process. Due to David's injury, Jeffrey assumed all management duties for RFG. In 2003, David reassumed his duties based on Jeffrey's alleged mismanagement of the company.

In late 2005, the brothers had a falling out and RFG terminated Jeffrey and forced him to resign his position as a corporate officer. Jeffrey then sued David and RFG for involuntary dissolution of RFG, declaratory relief regarding the proper interpretation of the buy-sell agreement, breach of fiduciary duty, and wrongful discharge. Jeffrey later added a cause of action for specific performance of the buy-sell agreement.

The trial court severed Jeffrey's claim for declaratory relief, tried the matter and issued a statement of decision determining that the buy-sell agreement required that David purchase Jeffrey's shares at "fair market value." Until then, the law firm of Luce Forward, Hamilton and Scripps (Luce) represented both David and RFG. After the trial, Jeffrey challenged Luce's continuing ability to represent both David and RFG, claiming that RFG now had a significant role in the dispute between the two brothers because the buy-sell agreement required RFG to pay for an appraiser, selected by David. As one of RFG's two directors, Jeffrey wanted to be sure that the counsel advising RFG on this point was neutral and not acting primarily in David's interest. Jeffrey also asserted that David dissuaded a potential third party from purchasing RFG and that Luce's duties to David prevented it from providing RFG neutral guidance.

Luce indicated that RFG would retain new counsel and Lawton later substituted in as counsel for RFG. When David also sought to retain new counsel, Jeffrey reiterated his concern that a single firm could not jointly represent David and RFG. Despite this concern, Lawton substituted in as counsel for David and RFG cross-claimed against Jeffrey for cancellation of Jeffrey's shares and other forms of relief based on Jeffrey's alleged fraud and breaches of fiduciary duty. Jeffrey immediately filed a disqualification motion. Lawton opposed the motion, arguing that there were no grounds for disqualification and the motion was untimely because Jeffrey had not objected to joint representation by Luce at the outset of the litigation.

The trial court tentatively granted the motion, finding it was not untimely and that Lawton's joint representation would preclude it from providing unbiased counsel to RFG. After hearing oral argument, the trial court denied the motion, finding that Jeffrey had unreasonably delayed in seeking disqualification and that no conflict of interest existed. Jeffrey filed a petition for writ of mandate and notice of appeal seeking review of the trial court's decision. We treated the writ petition as a petition for writ of supersedeas requesting that the trial court proceedings be stayed until further order of this court and granted the stay.

## DISCUSSION

### I. *Standard of Review and Legal Principles*

A trial court's authority to disqualify an attorney derives from its inherent power to "control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto." (Code Civ. Proc., § 128, subd. (a)(5); see *Oaks Management Corporation v. Superior*

*Court* (2006) 145 Cal.App.4th 453, 462 [51 Cal.Rptr.3d 561].) The issue of disqualification centers on the conflict between a client's right to counsel of their own choosing and the need to maintain ethical standards of the legal profession. (*City and County of San Francisco v. Cobra Solutions, Inc.* (2006) 38 Cal.4th 839, 846 [43 Cal.Rptr.3d 771, 135 P.3d 20].)

We review the trial court's grant or denial of a disqualification motion for an abuse of discretion, viewing the evidence in a light most favorable to the prevailing party and accepting as correct all of the express and implied findings of the trial court supported by substantial evidence. (*City National Bank v. Adams* (2002) 96 Cal.App.4th 315, 322 [117 Cal.Rptr.2d 125].) If there is no material disputed factual issue, we review the trial court's exercise of discretion as a question of law. (*People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal.4th 1135, 1144 [86 Cal.Rptr.2d 816, 980 P.2d 371].)

■ Rule 3-310(C) of the California Rules of Professional Conduct prohibits the concurrent representation of clients in certain circumstances without the informed written consent of each client. (All rule references are to the California Rules of Professional Conduct.) That rule provides in pertinent part: "(C) A member shall not, without the informed written consent of each client: [¶] (1) Accept representation of more than one client in a matter in which the interests of the clients potentially conflict; or [¶] (2) Accept or continue representation of more than one client in a matter in which the interests of the clients actually conflict . . . ." (*Ibid.*) In evaluating alleged conflicts, a court first looks to whether the representation at issue is simultaneous or successive. Where an attorney successively represents one client following the prior representation of another client, the concern is to enforce the duty of confidentiality owed to the former client. (*Flatt v. Superior Court* (1994) 9 Cal.4th 275, 282–284 [36 Cal.Rptr.2d 537, 885 P.2d 950].) In contrast, where the same attorney simultaneously represents potentially conflicting parties, the primary interest at stake is the attorney's duty of loyalty. (*Id.* at p. 284.) A corporation's legal advisor must abstain from taking part in controversies among the corporation's directors and shareholders "to avoid placing the . . . practitioner in a position where he may be required to choose between conflicting duties or attempt to reconcile conflicting interests. [Citations.]" (*Woods v. Superior Court* (1983) 149 Cal.App.3d 931, 936 [197 Cal.Rptr. 185].)

When the duty of loyalty applies, courts have found the conflict to require "*per se*, or automatic disqualification, in all but a few instances." (*Metro-Goldwyn-Mayer, Inc. v. Tracinda Corp.* (1995) 36 Cal.App.4th 1832, 1840 [43 Cal.Rptr.2d 327].) "The strict proscription against dual representation of clients with adverse interests thus derives from a concern with

protecting the integrity of the attorney-client relationship rather than from concerns with the risk of specific acts of disloyalty or diminution of the quality of the attorney's representation." (*Forrest v. Baeza* (1997) 58 Cal.App.4th 65, 74 [67 Cal.Rptr.2d 857].)

For example, in a derivative suit, the organization named as a defendant is actually a plaintiff and case law forbids dual representation in a derivative suit alleging fraud by the principals, because the principals and the organization have adverse, conflicting interests. (*Forrest v. Baeza, supra,* 58 Cal.App.4th at p. 74; see also *La Jolla Cove Motel & Hotel Apartments, Inc. v. Superior Court* (2004) 121 Cal.App.4th 773, 785–786 [17 Cal.Rptr.3d 467] [suggesting disqualification is appropriate where shareholder seeks dissolution and corporate counsel also represents corporate management]; but see *Jacuzzi v. Jacuzzi Bros., Inc.* (1966) 243 Cal.App.2d 1, 36 [52 Cal.Rptr. 147] [holding that "prior to an adjudication that the corporation is entitled to relief against its officers, or directors, the same attorney may represent both"].) A potential conflict, however, does not warrant automatic disqualification of joint counsel. (See, e.g., *Fox Searchlight Pictures, Inc. v. Paladino* (2001) 89 Cal.App.4th 294, 302 [106 Cal.Rptr.2d 906] [no disqualification "when only a hypothetical conflict exists"]; *Federal Home Loan Mortgage Corp. v. La Conchita Ranch Co.* (1998) 68 Cal.App.4th 856, 862 [80 Cal.Rptr.2d 634] [mandatory disqualification is not justified by "some hypothetical possibility" of adversity between mortgagee and mortgagors].)

## II. *Analysis*

Jeffrey asserts that the trial court erred in denying disqualification because Lawton is simultaneously representing David and RFG, two clients with conflicting interests. We agree.

As a threshold matter, an attorney representing a corporation "may also represent any of its directors, officers, employees, members, shareholders, or other constituents, subject to the provisions of rule 3-310." (Rule 3-600(E).) Although Jeffrey acknowledges this rule, he asserts that joint representation of David and RFG by Lawton is improper because the two clients are not 100 percent aligned on all issues in the litigation. To resolve this issue, we review the pleadings to determine whether the interests of David and RFG potentially or actually conflict. (Rule 3-310(C).)

Turning to Jeffrey's operative complaint, he seeks the involuntary dissolution of RFG and declaratory relief and specific performance of the buy-sell agreement against David and RFG. He also seeks damages from RFG for wrongful termination and from David for alleged breaches of fiduciary duties. David and RFG assert they are not adverse to each other on any of these

claims because they have a common interest in defeating all claims. Although this argument has superficial appeal, we are not persuaded.

Jeffrey alleged that David has wrongfully conducted the affairs of RFG to further David's interests at his expense. He also alleged that David purchased real property in David's own name, but used corporate funds to discharge the promissory note and directed Jeffrey to prepare tax returns for RFG containing misinformation. Abuse of authority and waste of corporate property by a corporate director or officer are grounds upon which a court may order a corporation dissolved, a remedy Jeffrey seeks. (Corp. Code, § 1800, subd. (b)(4).) Although Jeffrey has not yet filed a derivative claim seeking damages on behalf of the corporation (which David and RFG admit would require Lawton's disqualification), Jeffrey's complaint alleges damage to RFG through David's personal use of corporate funds, and the dissolution claim threatens its corporate existence.

As corporate counsel to RFG, Lawton's professional obligations are to the corporate entity and not to its officers, directors, or shareholders in their representative or individual capacities. (Rule 3-600(A).) Here, however, RFG is a closely held corporation that can only speak through David. Additionally, RFG is not a passive litigant in this action as it has filed (through Lawton and David) a cross-complaint seeking damages against Jeffrey for, among other things, fraud and breaches of fiduciary duty. RFG also seeks to cancel Jeffrey's shares based on the alleged breach of a promise to share responsibility with David for meeting its need for cash. The cross-complaint raises a concern that David is using RFG as a pawn in his dispute with Jeffrey, possibly to RFG's detriment. Under these circumstances, Lawton cannot satisfy its undivided duty of loyalty to both David and RFG. Because an actual conflict exists between David and RFG, David's purported waiver of the conflict is ineffective. (*Forrest v. Baeza, supra*, 58 Cal.App.4th at p. 76.)

Accordingly, we conclude that the trial court abused its discretion when it denied the disqualification motion because Jeffrey's allegations and the dissolution cause of action show that the interests of David and RFG diverge. Separate counsel for RFG can exercise its professional judgment in the best interest of RFG without the constraint of simultaneously promoting and protecting David's interests in the litigation, thereby preserving the duty of loyalty and the public trust in the administration of justice and the integrity of the bar, the primary rationale behind the dual representation prohibition. (*Metro-Goldwyn-Mayer, Inc. v. Tracinda Corp., supra*, 36 Cal.App.4th at p. 1838.)

As an alternative ground for denying disqualification, the trial court found that Jeffrey unreasonably delayed in bringing the motion because he

did not object to Luce's dual representation during the first phase of the trial. "In exercising its discretion with respect to granting or denying a disqualification motion, a trial court may properly consider the possibility that the party brought the motion as a tactical device to delay litigation. [Citations.] Where the party opposing the motion can demonstrate prima facie evidence of unreasonable delay in bringing the motion causing prejudice to the present client, disqualification should not be ordered. The burden then shifts back to the party seeking disqualification to justify the delay. [Citation.] Delay will not necessarily result in the denial of a disqualification motion; the delay and the ensuing prejudice must be extreme. [Citation.]" (*Western Continental Operating Co. v. Natural Gas Corp.* (1989) 212 Cal.App.3d 752, 763–764 [261 Cal.Rptr. 100].)

Even accepting the trial court's explicit finding that Jeffrey unreasonably delayed in seeking disqualification, the record does not support the trial court's implicit determination that any delay was extreme in terms of consequence. While some prejudice to David and RFG is unavoidable, they have not shown that loss of the trial preparation undertaken by Lawton would create "extreme" prejudice. (*Western Continental Operating Co. v. Natural Gas Corp., supra*, 212 Cal.App.3d at p. 764.) Moreover, any prejudice in terms of attorney fees expended for trial preparation can be ameliorated by disqualifying Lawton only as to RFG.

RFG is a closely held corporation, with David as the majority shareholder. Lawton has been working for RFG through David and any personal loyalties will be with David. Additionally, any confidential information Lawton learned from RFG during the time period it jointly represented RFG and David will be the same confidential information it received from David. Stated differently, if David were forced to retain new counsel, that new counsel would be privy to the same information that Lawton received from David and RFG.

In this situation, where the functioning of a corporation is so intertwined with the individual defendant that any distinction between them is fictional, it makes no sense to require Lawton's complete removal from this case based on its prior representation of RFG. (*Forrest v. Baeza, supra*, 58 Cal.App.4th at pp. 81–82.) Jeffrey agrees and does not object to Lawton remaining as counsel for David.

Requiring RFG to retain new counsel—without previous connections to it, David or Jeffrey—preserves the duty of loyalty and the public trust in the administration of justice. Ideally, David and Jeffrey, acting in their capacity as board members, will be able to agree on counsel for RFG. This decision does not call into question Lawton's good faith; rather, it recognizes a conflict presented by these unique circumstances.

## DISPOSITION

The order denying Lawton's disqualification is reversed and the matter is remanded with directions for the trial court to enter an order consistent with the views expressed in this opinion. Jeffrey Gong is entitled to costs on appeal.

Nares, Acting P. J., and O'Rourke, J., concurred.

Respondents' petition for review by the Supreme Court was denied November 12, 2008, S166323.