Filed 2/3/26  Perez v. Dimenco CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| JESUS MADRIGAL PEREZ,<br><br>      Plaintiff, Cross-defendant and Respondent,<br><br>    v.<br><br>ROSEANNE DIMENCO,<br><br>      Defendant, Cross-complainant and Appellant. | C101372<br><br>(Super. Ct. No. STK-CV-URP-2019-0000701) |

Defendant Roseanne Dimenco appeals from the trial court's order disqualifying the law firm representing her after it hired an attorney who previously worked for the law firm representing plaintiff Jesus Madrigal Perez.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

We adopt the facts from the court's order granting plaintiff's motion to disqualify defendant's counsel.  Defendant does not argue the court's recitation of facts was

1

incorrect or unsupported by the declarations submitted by the parties, only that the facts do not support disqualification.

Eurik O'Bryant worked for the law firm Sekhon & O'Bryant when plaintiff retained the law firm as counsel in the present case. O'Bryant reviewed plaintiff's initial case file and initiated communications with opposing counsel before Simran Sekhon took over the case. The time records show O'Bryant billed 0.1 hours (or six minutes) in this case. O'Bryant also billed 0.5 hours (or 30 minutes) in plaintiff's related unlawful detainer case.

O'Bryant subsequently left the Sekhon & O'Bryant law firm and joined Kroloff, Belcher, Smart, Perry & Christopherson (Kroloff), which represents defendant in the present case. Before O'Bryant's departure, plaintiff's file was downloaded from the Sekhon & O'Bryant law firm's cloud server by someone other than Sekhon. O'Bryant declared that, after leaving the Sekhon & O'Bryant law firm, he had access to plaintiff's files on a hard drive, which he deleted without sharing with anyone at Kroloff. He also declared that he had access to plaintiff's files via cloud storage at the time of the disqualification motion, but he never accessed the files nor did the attorney currently representing defendant at Kroloff have access to plaintiff's files. Kroloff built an ethical wall around O'Bryant concerning this case and he has not worked on this case in any capacity.

Seven months after O'Bryant left the Sekhon & O'Bryant law firm, plaintiff filed a motion to disqualify Kroloff from representing defendant. The trial court granted the motion, finding O'Bryant was in possession of confidential information related to plaintiff's case.

Defendant appeals.

## DISCUSSION

Defendant argues the trial court erroneously disqualified Kroloff from representing her. We disagree.

2

" 'Whether an attorney should be disqualified is a matter addressed to the sound discretion of the trial court.  [Citations.]  In exercising that discretion, the trial court is required to make a reasoned judgment [that] complies with the legal principles and policies applicable to the issue at hand.  [Citation.]  Discretion will thus be deemed to have been abused if the trial court fails to exercise discretion where such exercise is required.' "  (*National Grange of Order of Patrons of Husbandry v. California Guild* (2019) 38 Cal.App.5th 706, 714 (*National Grange*).)

Under rule 1.9(b) of the State Bar Rules of Professional Conduct (rule 1.9(b)), "A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client [¶] (1) whose interests are materially adverse to that person; and [¶] (2) about whom the lawyer had acquired information protected by [specified confidentiality provisions] that is material to the matter; [¶] unless the former client gives informed written consent."  (Fns. omitted.)

Among the purposes of this rule "is to protect the confidential relationship [that] exists between attorney and client, a relationship which continues after the formal relationship ends.  [Citation.]  The fiduciary nature of that relationship requires the application of strict standards.  [Citation.]  For that reason, a former client may seek to disqualify a former attorney from representing an adverse party by showing that the former attorney possesses confidential information adverse to the former client.  [Citation.]

" 'In order to seek disqualification, the former client [does not need to] establish that the attorney actually possesses confidential information.  It is enough to show that there was a "substantial relationship" between [the subjects of] the former and the current representation.  If the former client establishes the existence of a substantial relationship between the two representations the court will conclusively presume that the attorney

3

possesses confidential information adverse to the former client and order disqualification.' " (*National Grange*, *supra*, 38 Cal.App.5th at p. 714.)

Here, the trial court found O'Bryant had access to confidential materials in the current matter via cloud storage at the time he was employed by the firm that represented defendant. This meets the standard for disqualification under rule 1.9(b) because O'Bryant worked for a firm that represented a client (plaintiff) in the same matter as defendant, whose interests are materially adverse to defendant's interest, and O'Bryant acquired plaintiff's case file. Defendant argues this finding cannot support disqualification because O'Bryant declared he never looked at the records he had access to in cloud storage. O'Bryant's actual access is irrelevant. Rule 1.9(b)(2) requires only that the lawyer acquire the information, which O'Bryant did when he downloaded plaintiff's file. There is no indication plaintiff's case files in cloud storage were somehow blocked or walled from O'Bryant's access while employed with Kroloff. His ability to access the files in a cloud storage that is under his control constitutes possession. (See *People v. Williams* (1971) 5 Cal.3d 211, 215 [possession may be imputed when property is immediately accessible and subject to a person's dominion and control].) Thus, the record supports the trial court's finding that O'Bryant was in possession of plaintiff's confidential case information, making whether O'Bryant's prior work in the case was substantially related to the current representation irrelevant. (*National Grange*, *supra*, 38 Cal.App.5th at pp. 716-717.)

Defendant also argues O'Bryant never established an attorney-client relationship with plaintiff making disqualification unnecessary. But rule 1.9(b) does not require that plaintiff demonstrate an attorney-client relationship with O'Bryant for O'Bryant to be disqualified from representing defendant. Further, "[c]ase law abounds with examples of orders disqualifying counsel that have not been the product of motions by present or former clients. (See, e.g., *Meza v. H. Muehlstein & Co., Inc.* (2009) 176 Cal.App.4th 969, 980-981 . . . [law firm disqualified after hiring attorney who was privy to

4

adversary's privileged work product information]; *People v. Peoples* (1997) 51 Cal.App.4th 1592, 1599 . . . [defense attorney with direct familial connections to victim, witnesses and the defendant disqualified on court's own motion]; *Woods v. Superior Court* (1983) 149 Cal.App.3d 931, 937 [in a divorce action, court properly granted wife's motion to disqualify counsel for husband who had formerly represented the family business]; see also *DCH Health Services Corp. v. Waite* (2002) 95 Cal.App.4th 829, 832 ['Standing arises from a breach of the duty of confidentiality owed to the complaining party, regardless of whether a lawyer-client relationship existed'].)" (*Kennedy v. Eldridge* (2011) 201 Cal.App.4th 1197, 1204.) In any event, "[a]n attorney represents a client--for purposes of a conflict of interest analysis--when the attorney knowingly obtains material confidential information from the client and renders legal advice or services as a result." (*People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal.4th 1135, 1148.) O'Bryant met this standard when his law firm provided legal services to plaintiff based on O'Bryant's consultation with plaintiff and the confidential information O'Bryant possessed in cloud storage.

Citing rule 1.10 of the State Bar Rules of Professional Conduct, defendant argues the conflict of interest between O'Bryant and plaintiff cannot be imputed to Kroloff, because O'Bryant did not substantially work on plaintiff's case when with the Sekhon & O'Bryant law firm and Kroloff instituted an ethical wall separating O'Bryant from plaintiff's case. While rule 1.10 does not appear to require disqualification of a law firm based on an associated attorney's disqualification in all circumstances, defendant has not shown as a factual matter that Kroloff met the standard provided by rule 1.10 exempting it from disqualification. Indeed, as relevant here, rule 1.10 requires disqualification of a law firm unless, among other things, the prohibited lawyer is timely screened and written notice is promptly given to the former client with a description of the screening procedures employed. (Rules Prof. Conduct, rule 1.10(a)(2).) The only factual assertion in the record relating to a screen is O'Bryant's declaration that provides he has not

5

discussed or worked on the matter and that "an [e]thical [w]all has been erected." This is insufficient to meet the standard exempting Kroloff from vicarious disqualification given there are no facts in the record establishing the steps Kroloff took to screen O'Bryant or inform plaintiff of the screen. As a result, the trial court did not err by disqualifying Kroloff from the case.[1]

Finally, defendant contends plaintiff's motion to disqualify Kroloff from representing defendant was made in bad faith given that it was filed seven months after O'Bryant joined Kroloff and a week before trial. Defendant does not explain how to determine whether plaintiff's timing constitutes waiver of the disqualification motion. Indeed, the authority defendant cites demonstrates the timing of a motion to disqualify has limited bearing on the issue of disqualification in this case. "It would be naive not to recognize that the motion to disqualify opposing counsel is frequently a tactical device to delay litigation. [Citation.] '[Judicial] scrutiny [is required] to prevent literalism from possibly overcoming substantial justice to the parties.' [Citation.] However, ultimately the issue involves a conflict between a client's right to counsel of his[, her, or their] choice and the need to maintain ethical standards of professional responsibility. 'The preservation of public trust both in the scrupulous administration of justice and in the integrity of the bar is paramount . . . . [The client's recognizably important right to counsel of his[, her, or their] choice] must yield, however, to considerations of ethics [that] run to the very integrity of our judicial process.' " (*Comden v. Superior Court* (1978) 20 Cal.3d 906, 915.) Defendant does not present any argument or analytical framework for assessing whether plaintiff has waived his motion to disqualify O'Bryant or Kroloff in light of the ethical considerations at issue here. Thus, defendant has not demonstrated error in the trial court's ruling. (*Department of Alcoholic Beverage*

---

[1] Given this conclusion, we will not address whether the employment of a paralegal by both firms results in Kroloff's disqualification.

*Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1078 ["Mere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review"].)

DISPOSITION

The order disqualifying Kroloff from representing defendant is affirmed. Defendant shall pay costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1)-(2).)


/s/
ROBIE, J.


We concur:


/s/
HULL, Acting P. J.


/s/
FEINBERG, J.