Filed 3/10/15  Pullen v. Culloty CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| CARL M. PULLEN,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>SHELLEY CULLOTY et al.,<br><br>        Defendants and Respondents. | A135954<br><br>(Solano County<br>Super. Ct. No. FCS039145) |

Appellant Carl M. Pullen appeals the trial court's orders denying his disqualification motion and granting respondents' special motion to strike pursuant to the anti-SLAPP statute (Code Civ. Proc., § 425.16.).  We affirm.

BACKGROUND

In January 2012, appellant filed the instant complaint against his former wife, Shelley Culloty, and her former counsel, Michelle Woodruff and Divorce Legal Services.[1]  The complaint, filed in propria persona, alleged three causes of action: violation of civil rights, intentional infliction of emotional distress, and exemplary damages.  The complaint set forth a number of allegations about respondents' conduct in post-judgment dissolution proceedings involving the resolution of a community debt (hereafter referred to as the dissolution proceedings).  Specifically, the complaint alleged respondents engaged in forgery, perjury, and subornation of perjury in connection with documents and other communications in the dissolution proceeding.

---

[1] We refer to Woodruff and Divorce Legal Services collectively as Woodruff.

1

Respondents filed an anti-SLAPP motion to strike all three causes of action.[2] Appellant did not file a written opposition. Instead, shortly before the hearing on the anti-SLAPP motion, appellant filed three ex parte motions: to open limited discovery, to disqualify Woodruff's counsel, and to stay proceedings. After hearing oral argument on all pending motions, the trial court denied appellant's ex parte motions and granted respondents' anti-SLAPP motion. Judgment issued in respondents' favor.

DISCUSSION

I. *Anti-SLAPP Motion*

The anti-SLAPP statute "allows a court to strike any cause of action that arises from the defendant's exercise of his or her constitutionally protected rights of free speech or petition for redress of grievances." (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 311–312 (*Flatley*).) "In evaluating an anti-SLAPP motion, the trial court first determines whether the defendant has made a threshold showing that the challenged cause of action arises from protected activity." (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056 (*Rusheen*).) "If the court finds the defendant has made the threshold showing, it determines then whether the plaintiff has demonstrated a probability of prevailing on the claim." (*Ibid.*) This requires the plaintiff to demonstrate " ' "that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." ' " (*Ibid.*) We independently review the trial court's order granting the anti-SLAPP motion. (*Id.* at p. 1055.)

A. *Protected Activity*

Appellant does not dispute that his causes of action arise from respondents' conduct in the dissolution proceedings, nor does he argue such conduct, if conducted in accordance with law, is not protected activity. (See *Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 734 [party's and attorney's conduct in connection with

---

[2] The anti-SLAPP motion was filed by Woodruff. Culloty filed a joinder to the motion pursuant to *Barak v. Quisenberry Law Firm* (2006) 135 Cal.App.4th 654, 660–661, which appellant did not challenge.

prosecuting civil action is protected activity].) He contends the conduct is nonetheless not protected because it falls within an exception set forth in *Flatley*. We disagree.

In *Flatley*, the Supreme Court held that if "either the defendant concedes, or the evidence conclusively establishes, that the assertedly protected speech or petition activity was illegal as a matter of law," the activity is not protected by the anti-SLAPP statute. (*Flatley, supra,* 39 Cal.4th at p. 320.) "[T]he Supreme Court's use of the phrase 'illegal' was intended to mean criminal, and not merely violative of a statute. . . . [A] reading of *Flatley* to push any statutory violation outside the reach of the anti-SLAPP statute would greatly weaken the constitutional interests which the statute is designed to protect. . . . [W]e decline to give plaintiffs a tool for avoiding the application of the anti-SLAPP statute merely by showing any statutory violation." (*Mendoza v. ADP Screening & Selection Services, Inc.* (2010) 182 Cal.App.4th 1644, 1654.)

Appellant alleges three types of criminal acts: perjury (Pen. Code, § 118), subornation of perjury (Pen. Code, § 127), and forgery (Pen. Code, § 115). Respondents do not concede their conduct was illegal. Moreover, the evidence does not conclusively establish illegality.[3]

All three crimes require an intent to provide false or fraudulent information: to swear falsely (2 Witkin & Epstein, Cal. Criminal Law (3rd ed. 2000) Crimes Against Governmental Authority, § 66, p. 1160 [perjury]), to induce another to swear falsely (*id.*, § 77, p. 1175 [subornation of perjury]), and to defraud (*id.*, Crimes Against Property, § 167, p. 196 [forgery]). Appellant alleges Woodruff forged Culloty's signature on certain documents filed in the dissolution proceedings. Woodruff does not dispute that

---

[3] Although appellant did not submit evidence in opposition to the anti-SLAPP motion, respondents submitted evidence with their moving papers and we may consider this evidence in determining whether appellant has met his burden. (*Salma v. Capon* (2008) 161 Cal.App.4th 1275, 1289.) We deny appellant's July 25, 2014 request for judicial notice of certain court documents from the dissolution proceedings, which were not before the trial court. Appellant has not shown exceptional circumstances justifying our consideration of such documents (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3) and, in any event, the documents are not relevant (*Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 544, fn. 4).

3

she signed documents for Culloty, but submitted declarations from both Woodruff and Culloty that Culloty had telephonically reviewed and confirmed the accuracy of the documents and had consented to Woodruff's signing on her behalf. The evidence does not conclusively establish Woodruff had any intent to defraud. The complaint also alleged Woodruff forged a proof of service document. Woodruff's declaration stated she signed the proof of service inadvertently and, when appellant subsequently brought the mistake to her attention, she procured the correct party's signature and filed an amended proof of service. Again, intent to defraud has not been conclusively shown.

The complaint also alleges Woodruff suborned perjury "by coercing [appellant's] son to sign a proof of personal service for her that she filled out and dated." No evidence regarding this allegation was filed in connection with the anti-SLAPP motion; therefore, there is no conclusive showing of illegality.[4] With respect to Culloty, appellant's complaint alleges she "filed falsified documents" and "committed perjury" by lying about certain facts. Culloty submitted a declaration denying the allegations and, even assuming Culloty did provide false information, the evidence does not conclusively show she did so intentionally.

As the evidence does not conclusively establish illegal activity, the exception in *Flatley* does not apply.

---

[4] Appellant submitted—in support of his motion to stay and one day before the anti-SLAPP hearing—a declaration from his son. The declaration stated appellant's son had personally served appellant with "court papers" in 2007 but did not complete a proof of service at that time; in 2009, Woodruff contacted him to attempt to determine the date of service for a proof of service. Appellant's son stated he could not remember the date of service and that Woodruff told him she would "help [him] guess the day" and asked him to sign the document. There is no dispute that appellant was served with the relevant documents and no conclusive evidence that Woodruff, in belatedly attempting to secure a proof of service, intended to defraud. Accordingly, even if we were to consider this declaration in connection with the anti-SLAPP motion, it would not conclusively establish illegality.

4

B. *Probability of Prevailing*

Appellant's first cause of action is titled, "Violation of Plaintiff's Civil Rights" and alleges violation of his right to due process. "It is well established that '[o]nly those actions that may fairly be attributed to the state . . . are subject to due process protections.' " (*Shoemaker v. County of Los Angeles* (1995) 37 Cal.App.4th 618, 631.) Respondents are not state actors and appellant has not challenged any official procedures. Appellant's due process cause of action against respondents fails on that ground.

Appellant's second cause of action is for intentional infliction of emotional distress. This cause of action is based entirely on communications made in connection with the dissolution proceedings and is therefore barred by the litigation privilege. " '[C]ommunications with "some relation" to judicial proceedings' are 'absolutely immune from tort liability' by the litigation privilege." (*Rusheen, supra,* 37 Cal.4th at p. 1057.) The litigation privilege protects such communications even when they involve perjury or forgery. (*Id.* at p. 1058.)

Appellant does not contest the applicability of the litigation privilege, but suggests his complaint states a claim for malicious prosecution. The litigation privilege does not apply to claims for malicious prosecution. (*Rusheen, supra,* 37 Cal.4th at p. 1057.) However, one of the elements of malicious prosecution is the favorable termination of the prior proceeding. (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 292.) It is undisputed that the prior proceeding did not end in appellant's favor; he has therefore failed to show a probability of prevailing on any malicious prosecution claim.

Appellant's complaint also purports to state a cause of action for exemplary damages. Exemplary damages are a remedy, not an independent cause of action. (*Hilliard v. A. H. Robins Co.* (1983) 148 Cal.App.3d 374, 391 ["Exemplary damages, where recoverable, are deemed to be ' ". . . mere incidents to the cause of action and . . . [not] the basis thereof." ' "].)

As appellant has failed to demonstrate a probability of prevailing on any of his claims, we affirm the trial court's order granting respondents' anti-SLAPP motion as to all causes of action.

II.  *Disqualification Motion*

Appellant sought to disqualify Woodruff's counsel on the ground that he had previously been represented by the firm.  In his declaration in support of the motion, appellant stated an attorney from the firm "reviewed documents" from the dissolution proceedings, "had lengthy, detailed conversations" about them, and provided appellant with "legal advice in the matter."  At the hearing, Woodruff argued the motion—filed ex parte—was procedurally improper.  She also contended the prior representation involved a landlord-tenant dispute, not the dissolution proceedings.  Woodruff further argued that even if appellant had discussed the dissolution proceedings with his prior attorney (who Woodruff represented had been screened from the instant case), no confidential information was being used as the only evidence offered by respondents was judicially noticeable documents and declarations from Woodruff and Culloty.  Appellant conceded at the hearing that he retained his prior counsel for a "land dispute."  The only communication about the dissolution proceedings appellant identified was the attorney's statement "that he did not represent people against attorneys, that their firm only represented attorneys against malpractice, so he couldn't do that, and that he was a little uncomfortable with giving me the name of another attorney to go to because he didn't think that would be good for business."

"[O]n appeal from a final judgment, an issue of attorney disqualification may not be raised unless it is accompanied by a showing that the erroneous granting or denying of a motion to disqualify affected the outcome of the proceeding to the prejudice of the complaining party."  (*In re Sophia B.* (1988) 203 Cal.App.3d 1436, 1439.)  This rule derives from the "fundamental principle of appellate jurisprudence in this state that a judgment will not be reversed unless it can be shown that a trial court error in the case affected the result.  [Citations.]  In contrast, standards of attorney disqualification are often based on the *potential* that continued involvement by the attorney will cause harm to a client or former client.  [Citations.]  Thus, where a trial court erroneously evaluates the potential for prejudice and denies a motion to disqualify, it may nonetheless turn out that the potential never materialized and all parties received a fair trial."  (*Ibid.*)

6

Even assuming the trial court's ruling was erroneous, appellant has failed to make the requisite showing of prejudice in this appeal from a final judgment.  Appellant has not identified any confidential communication relevant to this case.  As we discuss above, appellant's causes of action fail as a matter of law and he has not shown a reasonable probability the outcome would have been any different had Woodruff's counsel been disqualified.

III.  *Sanctions*

In her response brief, Culloty contends appellant's appeal is frivolous and he should be sanctioned.  Culloty failed to file a separate motion for sanctions and comply with the other requirements of California Rules of Court, rule 8.276; her motion is therefore denied.  (*Kajima Engineering and Construction, Inc. v. Pacific Bell* (2002) 103 Cal.App.4th 1397, 1402 [denying procedurally improper sanctions request].)

DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded to respondents.

 

 

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

BRUINIERS, J.

7