Filed 1/31/24  P. v. Dawes CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D081586 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS287189) |
| WILLIAM ORREN DAWES, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of San Diego County, Laura H. Parsky, Judge.  Affirmed; remanded with directions.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, and Jon S. Tangonan, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant William Orren Dawes faces multiple criminal charges for allegedly attacking two correctional officers in 2016.  On June 4, 2021, the trial court found him incompetent to stand trial and ordered that he be

committed to a state hospital and involuntarily administered antipsychotic medication. Dawes appealed and, on January 10, 2022, we reversed the trial court's order and instructed the court to vacate the incompetency determination and corresponding involuntary medication order. (*People v. Dawes* (Jan. 10, 2022, D079189) [nonpub. opn] (*Dawes*).)[1] We further ordered that "the trial court shall obtain an updated forensic psychiatry clinic report on mental competency to stand trial and shall appoint a second mental health expert to conduct an additional evaluation. ([Penal Code] §§ 1368, 1369.)" (*Ibid.*)

On remand later that month, the trial court ordered another mental health evaluation by an independent expert but did not order an updated competency report. Following additional proceedings, the trial court issued an order in December 2022, confirming the commitment order and ordering involuntary administration of psychotropic medication.

In the present appeal, Dawes contends the trial court did not fully comply with the remand order because it only appointed a second mental health evaluator without also ordering preparation of an updated report from the forensic psychiatry unit. He further argues the trial court erred by failing to indicate in its December 2022 commitment order the number of days he was committed due to the June 4, 2021 commitment order and deduct that time from the two-year maximum. The People insist the trial

---

1    We take judicial notice of this prior appeal. (Evid. Code, §§ 452, subd. (a), 459, subd. (a); see also *People v. Lewis* (2021) 11 Cal.5th 952, 958, fn. 2 (*Lewis*) [relying on brief summary of facts drawn from appellate court's prior opinion].)

court fully complied with our prior opinion but concede that the December 2021 commitment order should reflect custody credits owed to Dawes.

We conclude that, although the trial court did not order an updated forensic report, reversal is not required because Dawes has not demonstrated any prejudice resulting from the error. However, we agree the commitment order must be amended to reflect Dawes's prior period of commitment. Accordingly, we affirm the December 2021 commitment order, but remand with directions that the trial court calculate the number of days of custody credits Dawes is entitled to for the time he was committed following the June 4, 2021 hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

Dawes is serving a life sentence for murdering his niece. (*People v. Dawes* (Feb. 25, 2010, G041340) [nonpub. opn], review den. May 12, 2010.)[2] In June 2016, Dawes was charged with attempted murder (Pen. Code,[3] §§ 187, subd. (a), 664; Count 1), assault by a life prisoner (§ 4500; Counts 2 and 3), assault with a deadly weapon by a prisoner (§ 4501, subd. (a); Counts 4 and 5), and various enhancements after allegedly attacking two correctional officers. A month later, a public defender declared a doubt as to Dawes's competency and the court suspended the proceedings on these

---

[2] We also take judicial notice of this prior appeal. (Evid. Code, §§ 452, subd. (a), 459, subd. (a); see also *Lewis, supra,* 11 Cal.5th at p. 958, fn. 2.)

[3] All statutory references are to the Penal Code.

charges so Dawes could be evaluated pursuant to section 1368.[4]  He subsequently was found competent to stand trial.

In 2017, a second public defender declared a doubt as to Dawes's competency and the court again suspended proceedings under section 1368. The court reinstated proceedings in January 2018 after finding Dawes competent.

In April 2018, a public defender declared a doubt for a third time.  This time, the medical expert declared him incompetent.  Dawes contested the finding, and the court ordered a second opinion, which determined he was competent.  In September 2018, the court found Dawes competent and reinstated the proceedings.

In January 2019, the trial court again suspended the proceedings after defense counsel reported concerns.  (*Dawes*, *supra*, D079189).  Due to various delays, Dawes was evaluated in March 2019, December 2019, and May 2021, and found competent in 2019 but not in 2021.  (*Ibid.*)  Dr. Nicolas Badre, the staff forensic psychiatrist who evaluated Dawes in May 2021, had assessed him as competent three times before but concluded Dawes was displaying active signs of mental illness, including delusions, and that, as a result, he was unable to understand the charges against him or assist legal counsel. On June 4, 2021, the trial court declared him incompetent to stand trial and authorized the hospital to administer medication involuntarily.  (*Ibid*.)

Dawes appealed and, on January 10, 2022, we reversed the trial court's order and instructed the trial court to vacate the competency determination

---

[4]    Section 1368, subdivision (b) provides:  "If counsel informs the court that he or she believes the defendant is or may be mentally incompetent, the court shall order that the question of the defendant's mental competence is to be determined in a hearing which is held pursuant to Sections 1368.1 and 1369. . . ."

and corresponding involuntary medication order. (*Dawes*, *supra*, D079189.) We further ordered on remand that "the trial court shall obtain an updated forensic psychiatry clinic report on mental competency to stand trial and shall appoint a second mental health expert to conduct an additional evaluation. (§§ 1368, 1369.)" (*Ibid.*)

On January 31, 2022, the trial court held a hearing to address the remittitur and ordered "another evaluation by an independent expert on March 9." During a hearing at the end of March, defense counsel was surprised to learn that Dawes had been transferred to Patton State Hospital (Patton) after the last hearing, despite his understanding that the court had vacated the commitment and medication orders. Counsel represented that he learned from court staff that a clerical error likely resulted in the orders not being vacated properly. Because the second mental health assessment had not occurred due to Dawes's transfer to Patton, the trial court issued an order on March 28, 2022, vacating the June 4, 2021 commitment to Patton and the involuntary medication order and again ordering a second forensic mental health evaluation. It also ordered that Dawes be transported back to jail.

On May 5, 2022, Dr. David Naimark, a forensic psychiatrist appointed by the court, evaluated Dawes and prepared a report finding him competent to stand trial. Separately, Dr. Cynthia Boyd, a neuropsychologist with an emphasis in forensic psychology who was retained as a defense expert, examined Dawes for a total of nine hours—twice in 2019, once in 2021, and again on July 24, 2023—and concluded he was not legally competent. On August 19, 2022, following a hearing at which both Drs. Naimark and Boyd testified and commented upon the prior report by Dr. Badre, the trial court found Dawes incompetent and referred him to court forensics for an expert opinion as to whether he lacked the capacity to make decisions regarding the

administration of antipsychotic medication pursuant to section 1370. Dr. Naimark submitted a subsequent report finding Dawes lacked capacity in this regard. At a hearing on December 9, 2022, the court agreed, confirmed the commitment order, and ordered involuntary administration of psychotropic medication.

## DISCUSSION

## I.

### *Dawes Has Not Demonstrated Prejudice Warranting Reversal*

Dawes contends the December 2022 incompetency order, and associated commitment and medication orders, must be reversed because the trial court did not comply with our instructions on remand and obtain an updated forensic psychiatry clinic report on mental competency to stand trial.[5] We disagree.

When an appellate court remands a matter to a trial court, the question of whether the trial court correctly interpreted the prior opinion is an issue of law reviewed de novo. (*Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 859.)

Our decision in *Dawes* turned on the fact that Dawes himself, contrary to arguments made by his appointed counsel, had made clear that he did not want to be found incompetent. Section 1369, subdivision (a)(1) requires that "[i]f the defendant or the defendant's counsel informs the court that the defendant is not seeking a finding of mental incompetence, the court shall appoint two psychiatrists, licensed psychologists, or a combination thereof."

[5] In his opening brief, Dawes had also raised an additional argument regarding the trial court's failure to vacate the commitment and medication orders as directed by the remand order. However, in light of the belated March 28, 2022 order, Dawes indicated in his reply brief that he was no longer pursuing that claim, so we do not address it except to the extent it impacts Dawes's custody credits as discussed *post*.

Given Dawes's insistence that he wanted to proceed to trial on the merits, we concluded that section 1369 required the trial court to obtain two competency determinations. We, therefore, ordered the trial court to "obtain an updated forensic psychiatry clinic report on mental competency to stand trial" *and* "appoint a second mental health expert to conduct an additional evaluation." (*Dawes, supra,* D079189.) It is clear from the record that the trial court did only the latter in appointing Dr. Naimark.

Our task then is to determine the significance of this omission. "When there has been a decision upon appeal, the trial court is reinvested with jurisdiction of the cause, but only such jurisdiction as is defined by the terms of the remittitur. The trial court is empowered to act only in accordance with the direction of the reviewing court; action which does not conform to those directions is void." (*Hampton v. Superior Court of Los Angeles County* (1952) 38 Cal.2d 652, 655.) An action generally becomes void when the trial court acts outside of the limited jurisdiction afforded to it upon remand. (See, e.g., *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 701 [finding superior court judgment void where the reviewing court issued an unqualified affirmance and the superior court nonetheless reopened the case and redetermined the merits]; *Butler v. Superior Court* (2002) 104 Cal.App.4th 979, 982 [finding order void where the trial court exceeded the scope of remand by effectively reopening the case on the facts and allowing for a new trial].) We do not conclude the trial court's decision is void here because the trial court did not exceed its jurisdiction on remand. Instead, it complied with the general requirement of the *Dawes* opinion by conducting further competency proceedings after reviewing two mental health experts' opinions. It just relied upon Dr. Badre's May 2021 opinion versus ordering an updated report.

7

We do not find this problematic for two reasons. First, defense counsel did not object at the January 31, 2022 remand hearing or otherwise request that the trial court also order an updated report from Dr. Badre. Even in recounting the January 2022 proceedings at a subsequent hearing in August 2022, defense counsel did not take issue with the trial court only having set a second evaluation. "[A] reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court." (*In re S.B.* (2004) 32 Cal.4th 1287, 1293.) "The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected." (*Ibid.*) While we decline to rely solely on a finding of forfeiture in this unusual context, we do not find it appropriate to reverse yet again when the issue could easily have been brought to the trial court's attention and resolved during the hearings in January, March, or August of 2022 prior to the trial court's subsequent finding of incompetency.

Second, on appeal, Dawes does not identify any prejudice whatsoever stemming from the trial court's failure to order an updated report. "It is a fundamental principle of appellate jurisprudence in this state that a judgment will not be reversed unless it can be shown that a trial court error in the case affected the result." (*In re Sophia B.* (1988) 203 Cal.App.3d 1436, 1439; Cal. Const., Art. VI, § 13; 6 Witkin, Cal. Crim. Law (4th ed. 2012) Reversible Error, § 1.) The burden of demonstrating not only error but injury from the error falls on the appellant. (*Robbins v. Los Angeles Unified School Dist.* (1992) 3 Cal.App.4th 313, 318.) "Only when an error has resulted in a miscarriage of justice will it be deemed to be prejudicial so as to require reversal." (*Osborn v. Mission Ready Mix* (1990) 224 Cal.App.3d 104, 114.) A miscarriage of justice occurs when " 'it is reasonably probable that a result

8

more favorable to [the defendant] would have been reached in the absence of the error.' " (*People v. Blackburn* (2015) 61 Cal.4th 1113, 1132.)

Dawes directs us to no authority suggesting that a showing of prejudice is not also required in this context. (Cf. *Martinez v. Rite Aid Corp.* (2021) 63 Cal.App.5th 958, 969–970 [concluding trial court's decision not to follow reviewing court's advice regarding special verdict form did not require reversal of the judgment because it did not prejudice Rite Aid].) Nonetheless, Dawes only alleges a violation of section 1369 without arguing there is a reasonable probability he would have obtained a more favorable result in the absence of the error. (*People v. Leelu* (2019) 42 Cal.App.5th 1023, 1031–1032 [concluding this state law test of prejudice is applicable to "section 1369(a)'s requirement that the trial court appoint a second mental health evaluator when the defendant contests competency"].) This is not sufficient to satisfy his burden.[6] Accordingly, we conclude Dawes has not demonstrated that reversal is warranted.

## II.

### *Remand is Required for Calculation of Commitment Credits*

Dawes next contends the trial court erred by failing to note in its December 2022 commitment order the number of days he had been committed due to the June 4, 2021 commitment order and by failing to deduct

---

[6]     Nor would such an argument likely have been successful given that Dr. Badre previously found Dawes incompetent in a report the defense expert, Dr. Boyd, described as "very thorough"; that Dr. Boyd found him incompetent and did not even consider it a "close call"; and that after hearing testimony and observing Dawes at the hearing, Dr. Naimark modified his competency opinion stating, "if I had had all of this information . . . I probably would have asked to see him again . . . I think it's very close." Notably, after his second examination of Dawes, Dr. Naimark found him incompetent to make decisions regarding administration of psychotropic medication.

that time from the two-year maximum commitment term. The People agree the commitment order should accurately reflect custody credits owed to Dawes.

When a court issues a commitment order under section 1370, the order must include a statement of the maximum term of commitment and "[a] computation or statement setting forth the amount of credit for time served, if any, to be deducted from the maximum term of commitment." (§ 1370, subd. (a)(3)(B)–(C)(i).)[7] Here, the minute order from the December 9, 2022 mental competency hearing reflects the maximum commitment term of two years but does not include a calculation of the time Dawes was committed at Patton after the June 4, 2021 hearing. It also is not clear from the record when Dawes was returned to jail. Although it appears counsel for both sides thought the trial court vacated the commitment order at the January 2022 hearing, Dawes appeared by video conference from Patton at the March 28, 2022 hearing. At that hearing, the trial court ordered that Dawes be returned "forthwith," but the record does not reflect Dawes's actual transfer date. Accordingly, we remand the matter to the trial court for calculation of the appropriate number of days served to be deducted pursuant to section 1370, subdivision (a)(3)(C)(i).

DISPOSITION

The December 9, 2022 order is affirmed, but the matter is remanded with directions for the trial court to calculate the number of days Dawes previously was committed and deduct that amount from the two-year

---

[7] Section 1370 has been amended twice since the trial court issued its initial commitment order in August 2022, but the substance of subdivision (a)(3)(B) and (C) has not changed. (Compare Stats. 2022, ch. 735, § 2, eff. Jan. 1, 2023; Stats. 2022, ch. 738, § 11, eff. Sept. 29, 2022; and Stats. 2023, ch. 42, § 57, eff. July 10, 2023.)

maximum.  The trial court shall amend the December 9, 2022 competency and commitment order to reflect said credits.


                                        HUFFMAN, Acting P. J.

WE CONCUR:


DATO, J.


KELETY, J.


11